IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SHANEANE DAVIS-JACKSON, | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-2822 |
| | : | |
| AMERICAN AIRLINES, | : | |
| Defendant. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                   **August 8, 2018**

Shaneane Davis-Jackson *pro se* sues her former employer American Airlines invoking our federal question subject matter jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 *et seq.*[1] We grant Ms. Davis-Jackson leave to proceed *in forma pauperis* and dismiss her Complaint with leave to amend.

**I.      Fact Allegations.**

Ms. Davis-Jackson alleges her former employer American Airlines "terminated her based on discrimination of my race and disability."[2] This "process took place during a grieving process in which [she] had lost the only father that [she had] ever known in which [they'd] lived together in the same house at the time."[3] Ms. Davis-Jackson alleges she was "never seen or talked to by [her] supervisor] at any given time that there was a problem with [her] work at all ever."[4] Ms. Davis-Jackson requests we order American Airlines to re-employ her and "pay back pay compensation", with all of her benefits returned "with [her] seniority of 9 years and 1 month as a flight attendant."[5]

II.  Analysis

   A. **We grant Ms. Davis-Jackson leave to proceed *in forma pauperis*.**

   We grant Ms. Davis-Jackson leave to proceed *in forma pauperis* as it appears she is incapable of paying the fees to start this case.

   As such, we must dismiss the Complaint if it fails to state a claim.[6] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standards applying to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[7] We determine whether her complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[8] Conclusory allegations do not suffice.[9] "[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination."[10] As Ms. Davis-Jackson is proceeding *pro se*, we construe her allegations liberally.[11]

   B. **We dismiss the Complaint with leave to amend.**

   Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability.[12]

   To plead a *prima facie* case of employment discrimination, Ms. Davis-Jackson must show: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.[13]

   To plead a claim for employment discrimination under the ADA, Ms. Davis-Jackson must allege she is a "qualified individual with a disability" under the ADA, and she suffered an adverse employment decision as a result of the discrimination.[14] Although Ms. Davis-Jackson need not establish a *prima facie* case to survive dismissal today, she still must "put forth

2

allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element."[15]

Ms. Davis-Jackson has not alleged facts supporting her conclusory allegations American Airlines discriminated against her. While Ms. Davis-Jackson alleges American Airlines discriminated against her based upon her race and disability, she has not identified her race and the nature of her disability or explained how American Airlines discriminated against her because of race and disability. As she does not allege anything more than conclusory allegations of discrimination, Ms. Davis-Jackson presently fails to plead claims under Title VII and the ADA at this time.[16] She needs to plead who, how and when. She may be able to do so and we grant her leave to amend.

## III. Conclusion

In the accompanying Order, we grant Ms. Davis-Jackson leave to proceed *in forma pauperis* but dismiss her Complaint without prejudice to timely filing an amended complaint to cure the defects.

---

[1] ECF Doc. No. 2. On July 10, 2018, we denied Ms. Davis-Jackson's Motion for leave to proceed *in forma pauperis* without prejudice because she had not provided sufficient financial information. ECF Doc. No. 5. On August 7, 2018, we received Ms. Davis-Jackson's renewed Motion for leave to proceed *in forma pauperis*. ECF Doc. No. 7.

[2] ECF Doc. No. 2, at 6 (We use the pagination assigned to the Complaint by the CM/ECF docketing system).

[3] *Id.*

[4] *Id.*

[5] *Id.* at 8.

[6] 28 U.S.C. § 1915(e)(2)(B)(ii).

[7] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

3

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[9] *Id.*

[10] *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted).

[11] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[12] *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112).

[13] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

[14] *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001).

[15] *Fowler*, 578 F.3d at 213 (quotations omitted).

[16] *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").